We appreciate your willingness to accept the appointment in this case. Our final case of the day is United States v. Thompson. Let's see if we can get Mr. Sample on the line. All right, we are ready in United States v. Thompson. Mr. Sample. Mr. Sample. You're muted, Mr. Sample. Good morning, Your Honor. It may please the Court to bring in Sample v. Marvel Thompson. Your Honor, we have essentially two issues here. Mr. Thompson was granted a reduction under Section 404 of the First Step Act. Subsequent to that, he sought reconsideration from the District Court. He argued in those reconsideration motions that the District Judge should have considered an argument about the government's alleged breach of the plea agreement, along with a murder that was attributed to him that he indicated did not occur. The District Judge denied these two reconsideration motions in a minute entry without any explanation. We believe that that was error, that the District Court was required to give more than just a bare denial with the minute entry with respect to the reconsideration motion. Mr. Sample, just for clarification, you're only appealing the ruling on the motion to reconsider. Is that correct? That is correct, Your Honor. And these are new arguments raised for the first time in the motion to reconsider. So do you agree we would be reviewing this for plain error? They're not issues that were originally raised. We have not conceded that they would be reviewed for plain error, as we indicated in the reply brief. And this, unfortunately, it's not going to be in the record, but there's some indication that these arguments may have been conveyed to his counsel at the time, but for whatever reason, she didn't choose them. And motions to reconsider the case law is crystal clear that they can't be used to raise new arguments that should have been raised the first time. That is correct, Your Honor. So I don't know how you get around plain error here. That's the most difficult aspect of this, and it leads into some bigger issues because we have this problem that, at least from our perspective, from the court's original opinion in white, that has kind of hamstrung Mr. Thompson's ability to try to get a merits determination on this issue relative to the alleged breach of the plea agreement. And so while I understand, certainly, the plain error test, Rule 52, I also think that this court under 28 U.C. 2106 has very broad authority for it to be able to ensure that justice is done in this case. And I think that the court can appropriately dispose of this case in a way that maybe would permit a remand to allow the district court to further explain its reasoning. Mr. San Juan thought that this issue about acceptance and responsibility in the murder of this Grady, that that's been in the case for a very long time. It's been in the case from the beginning, right? It's the issue relative to the asserted breach. I mean, even at the time of original sentencing, he wasn't getting credit for accepting responsibility. So the time to eliminate that is then. So we're arguing that through the 404 motion, that the district court would have the ability to correct errors of this type that weren't fixed originally. Didn't this court find that those weren't errors of the district court? Weren't those issues on appeal from the original? I'm sorry, Your Honor. That's precisely the argument here is that they were not. If this court in white said, it said that there was no breach of the plea agreement. But as we articulated in our opening brief, we went and looked at the arguments that were actually advanced by the parties. And there was not an argument by the appellant that there was a breach of the plea agreement. The argument that was advanced in the appellant's opening brief in white was that the district court had erred in not giving acceptance as a traditional guideline type issue. And the court, when it decided white, it said in there that to the extent that he was making some type of breach of the plea agreement argument, that should be rejected for the reasons that the government had kind of alluded to in its responsive brief. So given that finding by this court, how could it have been plain error for the district court not to consider that argument? That is naturally a problem because until you delve into the particulars of it, it's not something that would seem to be readily apparent. But then we're still stuck with the same situation where we have a defendant who is arguing that he should receive a merits, true merits consideration of this issue. But he has been kind of caught in this procedural spider web. When you say that, though, he did. And I'm looking right at our white opinion. I mean, we couldn't have written this in more declarative language if we tried. I understand that. But when you say as if more were needed, the evidence also established by reference to the evidence in the underlying case that Thompson ordered one gang member killed, whom he suspected of cooperating with law enforcement, and another gang member shot for violating gang rules. So when you say it hasn't been considered on the merits, what do you mean? Well, I'm speaking specifically, Your Honor, with respect to this acceptance issue because this court doesn't… Okay, on acceptance, what we said was the district court properly withheld acceptance of responsibility reduction. I'm quoting directly from the opinion. Thompson lied about his role as king of the black disciples and disputed the degree to which he engineered the gang's drug trafficking operations. It's been resolved. I mean, I don't know how much more direct we could possibly be. The problem there is this, Your Honor, is that this court decides the issues that are presented to it by the parties. And when you look at the opening brief that was actually filed in the case, Mr. Thompson did not argue that there was any type of breach of the plea agreement by the United States. What about the 2255 ruling where the court addressed it in the context of an ineffective assistant saying Thompson cannot now claim this late in the game that the agreement was final and binding on the government because he acknowledged under oath at the plea colloquy that no promises had been made to induce him to plead? How do you get around that? Well, so therein lies, that takes us back to White, because if you look at White, White talks about that there was an agreement that the government said, if you plead by this certain date, you'll get acceptance. But the reason why you're not going to get it is because you lied. You lied at the plea and you lied at sentencing. So that is itself contradictory to the district court's determination as the judge, as Your Honor just referenced. So we have this really rare, quite unusual situation where the parties, the appellant brought this issue forward to the court, not in the context of any type of breach of the plea agreement issue, but the language of the opinion treated it as if it had actually been presented. And so we are arguing here that this is, we have, it's basically dicta, but this has pervaded the case since the original opinion was handed down. And so he's never been able to have the court consider it. And, you know, that I recognize it does not overcome the problems with plain error, but at the same time, you know, this court still has the opportunity to perhaps provide some clarity on this particular point. And if it's not in this proceeding, there could be some other proceeding. For example, it's not, it's not clear, but if there was some type of ineffective assistance by this lawyer that represented him in the context of the 404 motion, I realize that this court's cases have, I don't recall that they've ever applied. So what you're basically saying is that 404 can be used as a vehicle to evade all of the procedural requirements that apply on direct appeal and in post-conviction review and to revisit issues that should be presented in the original underlying criminal proceeding. You can just sidestep all of those restrictions by just invoking the First Step Act and coming on in. Your Honor, that is, I wouldn't go quite that far, but I would say that, you know, this court's precedents talk about close review of the case. And when you juxtapose that to the Fourth Circuit's decision in Collington, you know, the Fourth Circuit has said that courts have an obligation to revisit issues where there are errors that have long since been unresolved. And I respectfully submit that this is precisely that type of situation. You know, this court has a broad amount of power under 2106, and we encourage the court to exercise and provide clarity. Thank you, Your Honors. Thank you, Mr. Semple. Mr. Fullerton. Good morning. May it please the Court. The district court properly exercised its discretion here in denying the motion to reconsider and also in granting the reduction in sentence from 540 months to 360 months. The denial of the motion to reconsider without reasons, the reasons were obvious because the court had explained its decision-making in going from 540 to 360 months and had considered the arguments that were raised in the motion to reconsider. The court, you know, explained that Mr. Thompson had never accepted responsibility, that the Court of Appeals had agreed that Thompson had never accepted responsibility, and explained that Thompson, you know, there was evidence that Thompson had been responsible for ordering the murder of another gang member. Those were the issues raised in the motion to reconsider. Those were explained. The district court explained its reasoning in, you know, not going as far in reduction as Thompson had wanted in its opinion on the 404 motion. I don't think there was any plain error here. The court properly exercised its discretion and explained its reasoning. And for all the reasons that we talked about in our brief and the court explained in its opinion, we ask that you affirm the judgment below. Thank you very much. The case is taken under advisement and the court will be in recess.